```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
RENE RIVERA

                 Petitioner,

       v.                                    09 Civ. 5547 (DAB)
                                             MEMORANDUM & ORDER

ROBERT ERCOLE,

                 Respondent.
------------------------------------X
```
Deborah A. Batts, United States District Judge.

On September 27, 2012, United States Magistrate Judge Paul E. Davison issued a Report and Recommendation ("Report"), recommending that Petitioner Rene Rivera's ("Petitioner") Petition for a Writ of Habeas Corpus be denied.  For the reasons set forth below, the Court having conducted the appropriate level of review following Petitioner's Objections, Magistrate Judge Davison's Report is ADOPTED in its entirety.  Accordingly, the Court DENIES Petitioner's Petition for a Writ of Habeas Corpus.

I.   BACKGROUND

The facts in this matter are meticulously detailed in Judge Davison's Report, and they will not be restated here.  On January 2, 2013, Petitioner filed a timely Objection to the Report.  Respondent did not submit a response.

II.  DISCUSSION

    A.  Standard of Review of a Report and Recommendation

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for dispositive motions and prisoner petitions.  28 U.S.C. § 636(b)(1)(B); accord Fed. R. Civ. P. 72(b)(1).  "Within fourteen days after being served with a copy [of a magistrate judge's report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); accord 28 U.S.C. § 636(b)(1)(C).  A court may adopt those portions of the report to which no timely objection has been made, as long as there is no clear error on the face of the record.  DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009).

A district court must review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, "to the extent that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."  DiPilato, 662 F. Supp. 2d at 339 (internal quotation marks and alterations omitted).  After conducting the appropriate levels of review, a court may accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

While 28 U.S.C. § 636(b)(1) and Rule 72(b) give a court discretion to consider additional material that was not submitted to the magistrate judge, <u>Hynes v. Squillance</u>, 143 F.3d 653, 656 (2d Cir. 1998), a party has "no right to present further testimony when it offered no justification for not offering the testimony at the hearing before the magistrate." <u>Pan Am. World Airways, Inc. v. Int'l Bros. of Teamsters</u>, 894 F.2d 36, 40 n.3 (2d Cir. 1990); <u>Azkour v. Little Rest Twelve, Inc.</u>, No. 10 Civ. 4132, 2012 WL 1026730, at *2 (S.D.N.Y. Mar. 27, 2012) ("[C]ourts generally do not consider new evidence raised in objections . . . absent a compelling justification for failure to present such evidence to the magistrate judge." (citation omitted)); <u>Smith v. Marcellus</u>, 917 F. Supp. 168, 174 (W.D.N.Y. 1995) ("[A] district court will ordinarily refuse to consider <u>de novo</u> review arguments, case law, and/or evidentiary material which could have been, but was not presented to the magistrate judge.").

"The objections of parties appearing <u>pro se</u> are generally accorded leniency and should be construed to raise the strongest arguments that they suggest." <u>Howell v. Port Chester Police Station</u>, No. 09 Civ. 1651, 2010 WL 930981, at *1 (S.D.N.Y. Mar. 15, 2010) (internal quotation marks and citation omitted).

Nonetheless, courts generally do not allow pro se parties to litigate matters in their objections that were not presented to the magistrate judge.  See, e.g., Sidney v. Caron, No. 09 Civ. 1326, 2012 WL 4380392, at *6 (N.D.N.Y. Sept. 25, 2012); Odom v. Kerns, No. 99 Civ. 10668, 2008 WL 2463890, a *5 (S.D.N.Y. June 18, 2008); Morgan v. Barnhart, No. 04 Civ. 6024, 2005 WL 2338709, at *1 (S.D.N.Y. 2005).

    B.    Petitioner's Objections to the Report

Petitioner objects to the Report on three grounds.  First, he argues the state court made an unreasonable factual determination when it upheld the legal sufficiency of Petitioner's conviction.  (Obj. 2.) Second, Petitioner asserts that the Report incorrectly concluded that he did not satisfy Strickland's standard for ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984); Obj. 8.  Third, Petitioner argues that the Report erred in finding that the state court's denial of Petitioner's error coram nobis petition was not contrary to clearly established federal law.  (Obj. 17.)

    1.    State Court's Unreasonable Factual Determination

Petitioner objects to the Report's recommendation that the state court did not make an unreasonable factual determination

when it upheld the legal sufficiency of his conviction.  (Obj. 2-4.) However, this Objection merely rehashes a previously made argument.[1]  Arguments that relitigate issues are entitled to review only for clear error.  See <u>IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.</u>, No. 07 Civ. 6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008).  Here, the Court finds none.

### 2. Ineffective Assistance of Counsel

Petitioner objects to the Report's recommendation that his ineffective assistance of counsel claims be denied due to Petitioner's failure to satisfy <u>Strickland</u>'s standard for ineffective assistance of counsel.  (Obj. 4-16.) Although Petitioner asserts that "the Report incorrectly concluded that Petitioner cannot satisfy the standard for ineffective assistance of counsel," (Obj. 8), he points to no particular error made by the Magistrate.  Rather, he makes that perfunctory claim and then proceeds to reassert the same factual allegations he made before Judge Davison in his Petition and Pro Se Response to the Opposition of Habeas Corpus ("Response"), filed on January 14,

---

[1] For example, in both his Petition and Objection, Petitioner asserts an unreasonable factual determination occurred because his case was based wholly on circumstantial evidence and no body or blood was found.  (<u>Compare</u> Pet. 3 <u>with</u> Obj. 2.)

2011.² (<u>Compare</u> Pet. 23-24 <u>and</u> Response 24-26 <u>with</u> Obj. 16-17.)

Petitioner also incorrectly claims that the Report only discussed one instance of "lies" or "concoctions." After making this assertion, Petitioner rehashes previously argued case law and specific instances from the trial record. However, Judge Davison referred to several of these instances and explained why they failed to meet <u>Strickland</u>. (Report at 23-28.) Even reading Petitioner's Objection with the leniency accorded to <u>pro se</u> parties, <u>see</u> <u>Howell</u>, 2010 WL 930981, at *1, Petitioner's erroneous assertion is an attempt to re-litigate the same issues brought before the Magistrate.

Finally, Petitioner claims that his trial counsel was ineffective because, at the conclusion his trial, counsel made a general motion for dismissal without identifying any specific reason for dismissal. (Obj. 4-5.) Petitioner did not raise this claim before the Magistrate nor does his give any reason for his failure to do so. Accordingly, this Court will not consider this argument. <u>See</u> <u>Odom</u>, 2008 WL 2463890, a *5; <u>see also</u> <u>Morgan</u>, 2005 WL 2338709, at *1.

Based on the aforementioned reasons, the Report's

---

² **Petitioner makes a similar perfunctory Objection to the Report's "conclusion" before rehashing previously made arguments; thereby that Objection is also reviewed for clear error. (Obj. 15-17.)**

recommendations regarding ineffective assistance of counsel are reviewed for clear error.  The Court, having reviewed the relevant portions of the Report, finds no clear error in Judge Davison's well-reasoned analysis and recommendations.

### 3. *Error Coram Nobis* Standard

Petitioner's Objection asserts the Report erred in finding that the state court's denial of Petitioner's *error coram nobis* petition was not contrary to, nor an unreasonable application of, clearly established federal law.  (Obj. 17.) He claims that New York's standard for ineffective assistance of appellate counsel does not consider *Strickland's* second prong and thereby is an unreasonable application of federal law.  (Obj. 18-19.) This Objection, however, simply reiterates the same arguments Petitioner made in his Response.  (Response 24, 27.) Since this Objection merely rehashes arguments fairly presented to the Magistrate, it is reviewed for clear error.  See *DiPilato*, 662 F. Supp. 2d at 339.  Here, the Court finds none.

The Court has also reviewed the unopposed Recommendations for clear error and finds none.

## III. CONCLUSION

Having concluded the appropriate level of review of the

7

Report and Recommendation of United States Magistrate Judge Paul E. Davison dated September 27, 2012, this Court APPROVES, ADOPTS, and RATIFIES the Report's in its entirety.  Accordingly, Petitioner's Petition for a Writ of Habeas Corpus is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253.

SO ORDERED.

DATED:   New York, New York
         August 15, 2013

                              _____
                                    Deborah A. Batts
                              United States District Judge